In the Matter of LEO JIRANEK, JR., an Infant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO JIRANEK, Appellant, against ALICE H. J. UPDIKE et al., Respondents.

In the Matter of ROBERT H. JIRANEK et al., Infants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE H. UPDIKE, Respondent, against LEO JIRANEK, Appellant.

Second Department, April 17, 1944.

*Ralph A. McClelland* for appellant.

*Francis R. Doherty* for respondents.

*Per Curiam.* The relator Leo Jiranek appeals from an order entered in a habeas corpus proceeding instituted by him in respect of the custody and control of his son Leo Jiranek, Jr., and a similar habeas corpus proceeding instituted by his former wife in respect of the custody and control of two sons Robert H. Jiranek and James H. Jiranek.

The order assumes to amend provisions of a separation agreement incorporated in and made part of an amended decree obtained by the wife against the husband in a Nevada court, to whose jurisdiction the husband submitted. The decree containing these provisions from the separation agreement is entitled to full faith and credit in this State, and its provisions ordinarily may not be changed in the absence of fraud. Its provisions in respect of custody of children relating to giving to the children the sole power to elect or determine with whom they wish to reside cannot be changed by the courts of this State, even though those provisions could not or would not be made by a court of this State. There is, however, power resident in the courts of this State in respect of such a decree, with reference to the custody of children, when it is shown that there has been a change in circumstances since the decree was entered and it appears that the children's best interests require a change in respect of the provisions relating to custody and control. (*Ansorge* v. *Armour*, 267 N. Y. 492.) Here there is no proof of any change in conditions affecting the welfare of any of these children. The only change is that by her remarriage the mother lost sole custody and the husband became entitled to joint custody of Leo, Jr., pursuant to the terms of the decree. All that appears in this record is that the provisions of the decree in respect of the youngest child have been frustrated. This court may not change the terms of the separation agreement which has become part of the amended decree of the Nevada court, as that would be changing the provisions of the court decree by indirection.

The only formal proof taken in these proceedings related to the youngest child, Leo Jiranek, Jr. There is no formal proof from the mother of the child in respect of that which is evidenced by the father. This was due to the conclusion arrived at that only an issue of visitation was involved; and it is claimed that the parties consented to the Referee's taking the matter up informally with the boys, without the presence of the parents and the lawyers; then taking the matter up informally with the parents, without the presence of either the boys or the lawyers; and finally taking the matter up informally with the lawyers. The consequence of this is that we have no record before us as to what facts thus obtained induced the Referee to make the order from which the appeal is taken. Accepting the fact that this procedure was the subject of consent, the consent must, under the pleadings herein, be limited to the question of visitation which was the subject of dispute. The terms of

custody and control in respect of the summer months were not the subject of dispute, yet the Referee changed the provisions of the decree not only in regard to the period which has become the subject of dispute but also for periods which were not in dispute. There is no proof of any changed conditions, except the remarriage, which tended to enlarge the father's rights. The only proper issue before the court concerned whether or not the custody provisions of the decree were being obeyed by the father and the mother with respect to the two older boys, who resided with the father, and the youngest boy, who resided with the mother. An order on a writ of habeas corpus may not be had without a hearing of proof from the contending parties. (*Matter of Mather,* 140 App. Div. 478; Civ. Prac. Act, §§ 1251, 1259; *People ex rel. Ross* v. *Wilson,* 275 N. Y. 169, 176; *Matter of Lee,* 220 N. Y. 532.)

The order should be reversed on the law, without costs, and the matter remitted to Special Term for hearing *de novo* in accordance with the foregoing, unless the parties see fit to stipulate as to what shall be deemed to constitute compliance with the amended decree in which the prior separation agreement is incorporated; that is, unless they stipulate and agree upon a date each month for the visitation of Leo Jiranek, Jr., with his father, and the fixing of a date each month for the visitation of Robert and James with their mother during one week-end each month, leaving to them the right to elect to visit their mother at the Updike home only when Mr. Updike and his children are not present; and further providing that the provisions of the decree in respect of summer vacations, Easter vacations and Christmas vacations be left undisturbed and carried out in good faith by each of the parties. In the event such a stipulation be not made, the trial of the issues in the two habeas corpus proceedings should proceed in a manner that will furnish a record upon which a review may be had, if one becomes necessary.

CLOSE, P. J., HAGARTY, CARSWELL, LEWIS and ALDRICH, JJ., concur.

Order reversed on the law, without costs, and the matter remitted to Special Term for hearing *de novo,* in accordance with opinion *Per Curiam,* unless the parties see fit to stipulate as to what shall be deemed to constitute compliance with the amended decree in which the prior separation agreement is incorporated.