In the Matter of LEO JIRANEK, JR., an Infant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO JIRANEK, Appellant, against ALICE H. J. UPDIKE et al., Respondents. In the Matter of ROBERT H. JIRANEK et al., Infants. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE H. UPDIKE, Respondent, v. LEO JIRANEK, Appellant.— Proceeding with respect to the custody, control and welfare of three boys. Order modifying the terms of a separation agreement and of a judicial decree incorporating the provisions of such agreement in respect of custody and visitations of the children by the parents, restraining interference therewith, etc., modified on the law and the facts as follows: By striking from folio 24 the word "adversely". By amending decretal paragraph 2 (a) and (b) to read as follows: "2 (a). From and after the date hereof, excepting the months of July and August, and excepting the Easter and Christmas holidays, it shall be the duty of each minor child to visit the parent with whom he does not reside one week end from Friday afternoon to Sunday evening, or a lesser time if such parent so chooses, during each month of each calendar year as follows: The children, Robert H. Jiranek and James H. Jiranek should visit their mother, Alice Heald Updike, during the second week end in each month, and the child Leo Jiranek, Jr., should visit his father, Leo Jiranek, during the third week end in each month. (b). The visits of Robert H. Jiranek and James H. Jiranek with their mother as specified herein, and their visits pursuant to said amended separation agreement, dated June 16, 1942, as amended February 8, 1943, shall take place at the Updike home in the absence of Mr. Updike, or at some other suitable place selected by their mother, in the absence of Mr. Updike and the Updike children." By renumbering decretal paragraph number 5 and making it number 3, and by amending it to read as follows: "3. Each parent is hereby enjoined to take all such steps and to do all such acts as lie within his or her power to encourage and to advise the visitations specified in this order." By amending decretal paragraph 4 to read as follows: "4. Each parent is hereby

restrained and enjoined from directly or indirectly, in person or through the agency of others, coercing or persuading or otherwise influencing, or attempting to coerce, persuade or otherwise influence in any way, any of the children not to conform to the terms of this order." By renumbering decretal paragraph number 3 and making it number 5. As thus modified, the order, insofar as appealed from, is affirmed, without costs. If the provisions in the order of Special Term be construed to constitute directions to the children, they would be ineffectual because they are futile and unenforcible. Incorporating futile provisions in a court order encourages disobedience of such an order and tends to promote disrespect for the court. The desirable objective with respect to these children (having them visit their parents) is more likely of attainment if the provisions of the order merely outline their duty under the circumstances and enjoin the parents in relation thereto. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [183 Misc. 704.] [See 267 App. Div. 607.]