HENDRY, Judge.
The appellant-father instituted a habeas corpus action against the appellee, his former wife, seeking custody of their minor children in accordance with a California decree. The parties had entered into a property settlement agreement in California, which had been approved by the California court, whereby it was agreed, inter alia, that the appellee would have custody of the children and would not remove them from the jurisdiction of the court without the consent pf the appellant. However, prior to the entry of the California decree, the appellee removed the children from California and brought them to Dade County, Florida. As’ a result of her action the California court entered a decree awarding custody of the children to. the appellant.
*587 The appellee filed an answer denying appellant’s right to custody of the children and seeking an award of support for the children, costs and attorney’s fees. During the course of the proceedings in the Circuit Court of Dade County, Florida, appellant seized two of the children and took them back to California, which action resulted in his being adjudged in contempt of court.
At final hearing, numerous witnesses appeared on behalf of the appellee. The appellant failed to appear. However, eleven days later appellant requested and was denied leave to have his deposition taken in California for use as evidence in this case.
It was the trial judge’s finding that:
“Evidence presented by the parties and testimony taken before the court shows conclusively that the petitioner is not entitled to any relief and that the equities are with the respondent. She is the natural mother of the three young children and has had them in her custody since their birth. She explained adequately by uncontradicted testimony why she violated her agreement with the petitioner not to remove the children from California while the divorce proceedings were pending in that state; petitioner had first violated the agreement by cutting in half the required support payments around May 1, 1960, and subsequent to that month has contributed nothing for their support. The respondent had to bring the children to Miami, Florida, where she could rely for assistance on her parents who have been making substantial contributions to the children’s support.
“The respondent offered an abundance of testimony by witnesses who knew her and the children which showed that she is providing a good home for the children, is keeping them in good health, is rearing them in a Christian atmosphere with regular participation in church activities, is attending to their proper schooling, and the court finds that the best interests of the children require that they remain in physical custody of the respondent and that the provisions of the California decree be no longer binding on the parties insofar as it awards their custody to the petitioner.
“It is the duty oí this court to thus refuse to enforce the former decree and to enter such decree as existing circumstances require, both parties having submitted to this court the issue of custody. Custody decrees are not res judicata in either Florida or California except as to facts before the court at the time of judgment. New York ex rel. Rose Halvey v. John F. Halvey, 330 U.S. 610 [67 S.Ct. 903], 91 L.Ed. 1133; Rhoades v. Bohn (Fla.App.) 114 So.2d 493 (affirmed by Fla. Sup.Ct. in Bohn v. Rhoades, 121 So.2d 777); Sampsell v. Superior Court In and For Los Angeles County, (Cal. 1948) [32 Cal.2d 763], 197 P.2d 739. It is apparent from the evidence here that the circumstances of the parties insofar as they pertain to the welfare of the children is vastly different from what it was at the time the California court by its “minute order” dated May 20, 1960, changed its former order and awarded custody to the petitioner. The evidence shows that respondent is better able to care for the children since she brought them to Florida and has been doing an excellent job of it. The petitioner failed to present any evidence to the court either with respect to his circumstances at the time he was awarded custody to show that he could have taken care of them, or with regard to his present home or circumstances.
“It is also clear from the evidence that the respondent was not aware of the May 20, 1960, proceedings in the California, court which resulted in the order taking custody from her by that court. , The record shows that the petition of the father which the Cali *588 fornia court acted on was not filed until May 13, 1960, or five days after respondent liad left that state with the children, and that no evidence was presented to the California court with respect to the then circumstances of the respondent. It is apparent that had the California court been aware of the facts with respect to the care and welfare of the children on May 20, 1960, it might not have deprived the respondent of their custody. The decisions of both the California and Florida courts including those cited above hold that a custody decree may be modified or changed when either of two conditions exist: (1) a change of circumstances arising after the original decree, and (2) a showing that there were material facts not presented or considered at the former hearing. This court refused to receive testimony from the respondent with respect to condition (2) because there was sufficient evidence of change of circumstances since she came to Florida and because of the convincing evidence that the welfare of the children would be best served by awarding custody to the mother.
* * * * * *
“It is the duty of the petitioner to support his children and he has admitted in his pleadings his ability to do so. The evidence indicates that he is an engineer earning a substantial salary. The respondent mother has no property or income other than her salary as a secretary and has had to rely in part on the charity of her parents during the past two and one-half years since the petitioner ceased contributing to the support of the children. The court therefore finds that it is and has been the obligation of the petitioner since he invoked the jurisdiction of this court on August 28, 1962, to contribute money to the respondent for their support, and the court finds that $200.00 per month is a reasonable sum for that purpose.
“It is also the obligation of the petitioner under Florida law and under his agreement with the respondent to pay her counsel fees and court costs in this proceeding. The Property Settlement Agreement between the parties makes provision for payment by the petitioner of future counsel fees ‘as may be specifically ordered by any Court of competent jurisdiction’, and that provision was never amended by the California court but among others, was expressly approved and made a part of its decree. The court finds that $1,250 is a reasonable fee for the services of the respondent’s counsel of record herein, and that respondent is entitled to recover that sum from the petitioner together with costs totaling $250.07.”
In addition, the court awarded the ap-pellee $733.00 representing support from September, 1962 up to the time the appellant seized the two children.
We hold that the custody and support portions of the appealed order are supported in law and fact and that the award of costs and attorney’s fees was in accordance with the terms of the property settlement agreement.
Accordingly, the order appealed is affirmed.
Affirmed.