IN THE MATTER OF THE CUSTODY OF TONYA CAROL MARLOWE, FOUR YEARS OF AGE, AND EDGAR EARL MARLOWE III, THREE YEARS OF AGE.

(Filed 28 September, 1966.)

**1. Divorce and Alimony § 24—**

 The provision of a final decree of divorce awarding the custody of the minor children of the marriage is subject to modification for subsequent change of condition as often as the facts justify.

**2. Constitutional Law § 26—**

 The Full Faith and Credit Clause of the Federal Constitution does not preclude the courts of this State from modifying the provision of a foreign divorce decree awarding custody of the minor children of the marriage for change of condition subsequent to the entry of the decree, and this case is remanded for determination by the court whether there had been change in the conditions and circumstances since the entry of the decree sufficient to require the modification of the decree in the best interest of the minors.

APPEAL by respondent Dr. E. Earl Marlowe from *Falls, J.,* from hearing in Chambers on 30 April, 1966.

It appears from the record that for some time prior to 11 May, 1966, Earl Marlowe and his wife Nannette Marlowe were living in Escambia County, Florida, with their children, whose custody is sought in this case. On that date they entered into a separation agreement in which the husband agreed that the wife should have the permanent care, custody and control of the minor children subject, however, to rights of reasonable visitation by the husband, and that he would pay $300 a month for their support. On 2 June, 1965, the husband as plaintiff obtained a final decree of divorce, based upon the adultery of the wife, which was the cause of their separation. The decree contained these provisions:

"That the defendant (the mother) is hereby granted the permanent care, custody and control of the minor children of the parties, subject, however, to the plaintiff's rights of visitation as set forth in the agreement entered into by and between the parties.

"That the property settlement and separation agreement entered into by and between the parties is hereby ratified, approved and confirmed, and made a part of this final decree as is fully set out herein."

Both of the parties have married other persons since then. In November, 1965, the children went to the home of their father who had moved to Gastonia and begun the practice of medicine. The wife alleges that she permitted them to go stay with him under the visitation provisions of the agreement and decree while he says she asked him to take them because she was having marital difficulties with her second husband and could not care for them under her then conditions. The mother later sought to obtain the return of the children but the father refused to let her have them. She instituted *habeas corpus* proceedings to obtain their custody and Judge Falls heard the matter on 30 April, 1966.

It appeared at that hearing that the petitioner had become separated from her husband and had gone to live with her parents in Texas.

No evidence was offered before Judge Falls but the respondent took exceptions based upon colloquies between the court and his attorneys.

From the stenographic record of the proceedings he takes exceptions to statements by the court to the effect that (1) he was bound by the Florida decree and to the refusal of the court to hear evidence relating to the alleged unfitness of the mother because of incidents occurring before the decree and which were known to the respondent at the time; (2) that no evidence would be admissible except that bearing upon the fitness and suitability of the petitioner since the date of the divorce decree; (3) that the Florida divorce judgment is a final judgment and is not interlocutory and that it adjudicated the custody of the children and in the absence of a showing that she is not a fit and suitable person at this time, that she is to have the custody of the children; (4) that evidence as to the fitness and suitability of Dr. Marlowe would not be admissible and competent at this time; (5) that the court has no authority to inquire into the custody over and above the unfitness and suitability of the mother since 2 June, 1965; (6) or what would be in the best interest of the children since 2 June, 1965.

Judge Falls signed an order which referred to the agreement and the decree of the Florida court and held "that the courts of this State must give full faith and credit to the divorce decree of the State of Florida for that said decree does not appear to be an interlocutory order but is a final order; that the petitioner (the

mother) herein is a fit and suitable person to have the custody of the said Tonya Carol Marlowe and Edgar Earl Marlowe III; that it would be for the best interest of the said minor children that their custody be awarded to the petitioner."

The court further ordered that the respondent pay the sum of $300 per month for the maintenance of the children and awarded attorneys fees to the petitioner.

Upon Judge Falls filing the decree referred to above the respondent excepted and gave notice of appeal.

*M. Roy Short, Jr., Dolley & Katzenstein by Steve Dolley for petitioner appellee.*

*Horn, West & Horn by C. C. Horn, Davis & White by Jack H. White, Whitener & Mitchem by Basil L. Whitener, by Wade W. Mitchem for respondent appellant.*

PLESS, J. Judge Falls was correct in holding that the Florida decree of divorce was final, but the control and custody of minor children cannot be determined finally. Changed conditions will always justify inquiry by the courts in the interest and welfare of the children, and decrees may be entered as often as the facts justify. 27 B C.J.S., Divorce, Sec. 317(1).

This case is quite similar to that of *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744, which was also a case involving the custody of a child then in North Carolina whose custody had been awarded to the mother by a Florida court. The child was brought to North Carolina and the father refused to surrender it to the mother, and a special proceeding was brought in Alamance County by the mother to obtain its custody. Among other things the Court said: "We hold that since the minor child had been a resident of North Carolina for almost a year prior to the institution of this proceeding (in this case it was some 5 months) coupled with the further fact that the petitioner, who had heretofore been given custody of the child by a court of competent jurisdiction in another State, came into this State and invoked the jurisdiction of our courts and instituted this proceeding, the court in which she instituted the proceeding does have jurisdiction of the child and may consider any change or circumstances that have arisen since the entry of the Florida decree on 13 October, 1953, and to determine what is for the best interest of the child and to award custody accordingly. But, in disposing of the custody of the minor child in controversy, the Florida decree awarding her custody to the petitioner is entitled to full faith and credit as to all matters existing when the decree was entered and

which were or might have been adjudicated therein. It is said in 17 Am. Jur., Divorce and Separation, section 688, page 522: '* * * where a decree of divorce fixing the custody of the children of the marriage is rendered in accordance with the laws of another State by a court of competent jurisdiction, such decree will be given full force and effect in other states as long as the circumstances attending the rendition of the decree remain the same. The decree has no controlling effect in another State as to the facts and conditions arising subsequent to its rendition.' *In re Cameron's Guardianship*, 66 Cal. App. 2d 884, 153 P. 2d 385; *Freund v. Burns*, 131 Conn. 380, 40 A. 2d 754; *Boone v. Boone*, 132 F. 2d 14; *Drake v. Drake*, 187 Ga. 573, 1 S.E. 2d 573; *Kniepkamp v. Richards*, 192 Ga. 509, 16 S.E. 2d 24; *Callahan v. Callahan*, 296 Ky. 444, 177 S.W. 2d 565; *Cole v. Cole*, 194 Miss. 292, 12 So. 2d 425; *Hachez v. Hachez*, 124 N.J. Eq. 442, 1 A. 2d 845; *In re Jiranek*, 267 App. Div. 607, 47 N.Y.S. 2d 625; *Miller v. Schneider* (1943 Tex. Civ. App.), 170 S.W. 2d 301; *Sheehy v. Sheehy, supra;* Nelson on Divorce and Annulment, 2nd Ed., section 33.66, page 567, *et seq.;* Anno. 72 A.L.R. 442; 116 A.L.R. 1300; 160 A.L.R. 400.

"The courts of this State will not hesitate to award the custody of a minor child to a nonresident parent if it is found that it will be for the best interest of the minor child to do so. *Griffith v. Griffith*, 240 N.C. 271, 81 S.E. 2d 918."

Following the above ruling the able writer of the opinion, Denny, J., later C.J., entered an order for the Court which is so appropriate here that it is used *verbatim* except for the change of names.

The judgment entered below is set aside and this cause remanded for further hearing to the end that it may be determined whether or not conditions and circumstances have so changed since the entry of the Florida decree that it will be for the best interest of Tonya Carol Marlowe and Edgar Earl Marlowe to be placed in the custody of the respondent. If no change of condition is found to have occurred, justifying the change of custody, the petitioner will be entitled to an order in accord with the Florida decree.

Error and remanded.