HENDRY, Judge.
The appellant filed his motion to vacate pursuant to Rule 1.850, FRCrP, 33 F.S.A., which motion was summarily denied. It was the appellant’s position that he was entitled to a new trial because the certified court reporter who transcribed testimony of his trial has lost her notes pertaining to that trial, and has therefore been unable to prepare a trial transcript. It is the appellant’s further contention that he has been denied his right to appeal be *138 cause of his inability to prepare a trial transcript.
Initially, we find authority in the case of Powe v. State, Fla. 1968, 216 So.2d 446, for the proposition that the motion to vacate pursuant to Rule 1.850 is not the proper remedy for raising the issue of a thwarted appeal because habeas corpus is available. Moreover, in the case of Baggett v. Wainwright, Fla.1969, 229 So.2d 239, the court again endorsed habeas corpus as the proper remedy for challenging deprivation of the right to appeal. However, in Baggett, supra, a factual determination remained to be made, which the court suggested be resolved by a specially appointed commission. No such factual determination must be made in the instant case. The record shows that the court reporter has lost her notes pertaining to the trial. However, in Thomas v. State, Fla.App.1964, 160 So.2d 119, the court, in addressing itself to the same problem before us, stated:
“It is not a necessary prerequisite to appellate review that the record on appeal contain a verbatim transcript of the evidence and events transpiring at the trial. On the contrary, a summarized statement in narrative form may furnish a substantially accurate account of the rulings of the trial judge and the basis on which they were invoked. Such statement may be prepared from notes kept by counsel; from the judge’s notes; from the recollection of counsel, the judge and witnesses as to what occurred at the trial; and from any and all sources which will contribute to an accurate reflection of the trial proceedings. We also point out that Rule 6.7, subd. f, Florida Appellate Rules 31 F.S.A., provides that the parties may agree upon a condensed statement in narrative form of all or any part of the testimony.”
Therefore, to be in accord with the principles enunciated in the above cases, we are impelled to treat this matter as a petition for habeas corpus and to allow the appellant to and including April 17, 1970, within which to prepare and submit to the trial court, serving a copy on the state attorney for the Eleventh Judicial Circuit, a proposed narrative statement of the trial proceedings including the testimony. The state attorney, may, on or before the 5th of May, 1970 file any objections, additions, or amendments to such statement as he may deem proper. The trial judge is requested, as expeditiously as possible thereafter, to certify to this court such narrative statement of evidence and proceedings on trial as may be agreed upon by the appellant and state attorney, adding thereto any additional matter of which he may have knowledge in order that such total statement may accurately reflect the trial proceedings. Based upon that submitted record, the appellant may then continue to pursue his habeas corpus remedy.
The matter is therefore remanded for further proceedings in compliance with this opinion.
It is so ordered.