153 So.2d 334 (1963)
Helen TOM, also known as Siu Fun Kwong Tom, Appellant,
v.
STATE of Florida ex rel. Johnny TOM, also known as Jin Hon Tom, Appellee.
No. 3486.
District Court of Appeal of Florida. Second District.
May 15, 1963.
*335 James F. Snelling, St. Petersburg, for appellant.
C. Ray Smith, St. Petersburg, for appellee.
SANDLER, HARRY N., Associate Judge.
This is an appeal from an order of the lower court in a habeas corpus proceeding. The appellant, Helen Tom, was respondent in the court below, and the appellee, Johnny Tom, was the petitioner.
In November of 1960, Johnny Tom filed a petition in the Domestic Relations and Juvenile Court of the City of Charlotte, North Carolina, in Mecklenburg County, alleging that he and Helen Tom, his wife, were living separate and apart. The petitioner sought to have the custody of the three children of the parties. In an effort to reconcile the marriage, the parties agreed that Helen Tom would have temporary custody of the children. An order was entered to such effect which contained certain restrictions and conditions. One restriction was that "Under no circumstances is the mother or father to remove these children from Mecklenburg County without the written permission of this Court."
Without obtaining permission of the Court, Helen Tom left North Carolina with the children and came to St. Petersburg, Florida. When this violation was brought to the attention of the North Carolina Court, Johnny Tom was given "a letter of authority" by the court to retrieve the children. He came to St. Petersburg and on November 2, 1961, filed his petition for Writ of Habeas Corpus. An order was entered in favor of the petitioner, and Helen Tom took an appeal to this Court. That appeal was dismissed for lack of jurisdiction. See Tom v. State ex rel. Tom, Fla. App., 143 So.2d 226, decided July 6, 1962.
On July 11, 1962, the North Carolina Court entered an order directing Helen Tom to have the children before it on July 17, 1962. Pursuant to that order, the Florida Circuit Court entered an order directing Helen Tom to comply with the North Carolina Court's order.
Meanwhile, Helen Tom had filed her Petition for Rehearing in this Court, which petition was denied on July 27, 1962. The North Carolina Court then issued another order directing Helen Tom to have the children before it on August 8, 1962, these *336 orders by the North Carolina Court being made while the appellant, Helen Tom, and the children were in Florida. In the meantime, on August 2, 1962, the court below, without disposing of the question of custody and pursuant to the order of the North Carolina court, made and entered the order appealed from, which reads in part as follows:
"* * * (T)he respondent Helen Tom * * * is hereby ordered and directed to transport, take and carry said children to Charlotte, North Carolina and deliver them * * * to the Judge of said Court at 10 a.m. on 8th day of August, 1962, and the said Helen Tom is hereby ordered and directed that under no circumstances shall she take or remove said children * * * from the jurisdiction of this Court except as herein ordered. Jurisdiction of this cause is hereby retained for the purpose of enforcing this order * * *."
Several questions are urged and discussed by counsel but this case involves principally the question of whether or not the trial court had jurisdiction to award the custody of the children and should have taken testimony on the merits to determine the fitness of the respective parents and the interest and welfare of the children and determine the question of custody. The lower court determined that the question of the welfare of the children should be disposed of by the court in North Carolina. The orders of the court of North Carolina were not final orders entitling them to full faith and credit. The welfare of the child or children is the question of primary consideration and this can best be determined by the court having jurisdiction and in whose jurisdiction the child resides. Neal v. State ex rel. Neal, Fla.App., 135 So.2d 891. In the same case the court said:
"* * * although decrees affecting the custody of minors were not entitled to enforcement under the full faith and credit clause, the trial courts of this state are authorized in their discretion to recognize such judgments or decrees under the rule of comity. Judicial `comity' refers to principle under which courts of one jurisdiction give effect to law and judicial decisions of another out of deference and respect, not obligation. Judicial comity is not a rule of law, but one of practical convenience and expediency based on theory that a court that first asserts jurisdiction will not be interfered with in continuance of its assertion by a court of a foreign jurisdiction unless it is desirable that one give way to the other. The public policy of this state, as reflected by the decisions of our Supreme Court, impels the view that in custody proceedings a decree of a foreign jurisdiction involving that issue shall give way to a decree based upon the best interest of the minors involved." (Emphasis supplied)
The facts in this case, in our opinion, are controlled by the case of Di Giorgio v. Di Giorgio, 153 Fla. 24, 13 So.2d 596, where the situation was identical and "on all fours" with the case now before the court. There the parties were married in the State of California. They had marital differences which resulted in an interlocutory decree of divorce. Before the decree became final a reconciliation was effected and an agreement was made relative to the custody of the child. Immediately thereafter the mother left for Reno, Nevada, evidently to establish her residence and procure a divorce. While she was away the appellant father, for reasons not material here, notified the mother of his intentions to rescind the agreement. She then returned to California and filed an action for divorce and custody of the child. Before process was served, the appellant father took the child and came to Florida, likewise as here, Pinellas County. Habeas Corpus proceedings were then instituted by the appellee to gain custody of the child in question in that proceeding, and the court took the view, as did the trial court *337 in this case, that the question of the custody of the child and the fitness of the parents should be determined and litigated in the State of California. In reversing the trial court in that case, the Supreme Court said:
"The law is and has been from time immemorial that each state is not only empowered, but is charged with the duty, to regulate the custody of infants within its borders. This is true even though the parents may be residents of another state. * * * (Cases cited) * * * For this the residence of the child suffices, though the domicile be elsewhere. Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 625, 40 A.L.R. 937.
"The reason for this law is to protect the incompetent where they are because it is there where the protection is needed and there alone where a judicial order may be executed. * * *
"The bad faith of the parent in moving the child from one state to another is not a determining factor as to whether the court will exercise its jurisdiction over the child. Barnett v. Blakley, 202 Iowa 1, 209 N.W. 412.
"The child must be in the State of Florida for the courts of this State to exercise jurisdiction. When jurisdiction vests, then the incompetent child is owed a duty by the court to determine from evidence where it should be placed for its own best interest. Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734. * * *
"The court should not be deterred in the discharge of this duty by what it might be convinced as a bad motive of one parent in removing the child from a sister state. Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758."
In State ex rel. Fox v. Webster, Fla.App. 1963, 151 So.2d 14, the court affirmed an award of custody over a factual situation almost identical to that which we are considering.
The order appealed from in the instant case did not award custody of the children involved to either the appellant or the appellee but merely provided, or rather directed, the appellee to deliver the children to the judge of the court in North Carolina. The order appealed from is reversed and the cause remanded to the trial court with directions to take testimony as to the fitness of the parents to have custody of the children in the light of the best interests or welfare of the children.
Reversed and remanded.
ALLEN, Acting C.J., and SMITH, J., concur.