179 So.2d 130 (1965)
Hoyt E. MORRIS and Viola Morris, Appellants,
v.
Myron M. KRIDEL, Appellee.
No. 5835.
District Court of Appeal of Florida. Second District.
September 21, 1965.
Rehearing Denied October 25, 1965.
Ives & Davis and J. Luther Drew, Sr., West Palm Beach, for appellants.
Robert V. Parker, of O'Connell & Cooper, West Palm Beach, for appellee.
SHANNON, Acting Chief Judge.
This is an appeal from an order in a habeas corpus proceeding which was brought to determine the custody of a minor child. The appellants, respondents below, are the maternal grandparents of the infant involved. The appellee, father of the minor child, was the petitioner below.
The facts are comparatively simple. The record indicates that the father and mother were involved in a separate maintenance and child custody suit in New Jersey. The Superior Court of New Jersey awarded custody of Michael Kridel, the minor child, to the appellee's wife, but specified that custody was to be "in the present family residence." While an appeal was pending the child's mother died and the wife's *131 parents, appellants here, took the minor child from the family residence in New Jersey and brought him to Florida. In the meantime the Appellate Division of the Superior Court of New Jersey reversed the chancellor of the lower court and awarded Michael to the father. The court also found that the grandparents had wrongfully and unlawfully removed Michael from New Jersey to Florida. Thereupon, the father filed his petition for habeas corpus in Florida seeking to enforce the mandate of the New Jersey court. The grandparents filed a reply to the habeas corpus petition and alleged that the best interests of the child dictated that he remain with them in Florida. Following a hearing on the petition and answer the judge entered an order, the substance of which was as follows:
"It is ORDERED and DECREED that the Respondents, not later than five days from the date hereof, shall return the said child to Essex County, State of New Jersey, and there abide the determination which shall be made by a court of appropriate jurisdiction concerning the custody of said child as between the parties hereto. In the event of default in returning the said child to Essex County, State of New Jersey, Respondents shall forthwith deliver said child to the Petitioner, who shall return the child to the said jurisdiction in accordance with this order. * * *"
In the order the judge also stated:
"* * * It appears from such record that the child in question was recently brought to the State of Florida from the State of New Jersey in violation of an order of the New Jersey Court, and the Court holds the view that the child should be returned forthwith to the jurisdiction of the New Jersey Court, there to abide whatever decision shall be made in that jurisdiction respecting the custody of the child as between the parties hereto. * * *"
There was no testimony taken in this case. Before he entered his final order the judge stated:
"That is the place [New Jersey] for the custody of this boy to be decided in my opinion and that is the Court that has jurisdiction over him and I think he should be sent back there to that Court and let that Court up there decide who should have this boy. Not down here, we are not qualified to decide this thing. * * *"
The question posed to us by the appellants is whether an order of a sister state as to the custody of a minor child is entitled to unquestioned enforcement under the full faith and credit clause of the Federal Constitution. The real issue, as may be seen from the question, is whether the judge was correct in failing to adjudicate the issue of custody.
Despite appellants' characterization of the question as one involving full faith and credit, we will approach this case from a somewhat different direction. We note that the United States Supreme Court has indicated that a custody decree is not necessarily entitled to full faith and credit. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221, (1952); see New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1946). Florida courts have consistently held that a custody decree is interlocutory in nature and may be modified as circumstances warrant. E.g., In re Vermeulen's Petition, Fla.App. 1, 1959, 114 So.2d 192. Judge Wigginton, writing for the court in Neal v. State ex rel. Neal, Fla. App. 1, 1961, 135 So.2d 891, clearly defined the principle of comity in custody cases when he stated as follows:
"* * * Judicial `comity' refers to principle under which courts of one jurisdiction give effect to law and judicial decisions of another out of deference and respect, not obligation. Judicial comity is not a rule of law, but one of practical convenience and expediency based on theory that a court that first *132 asserts jurisdiction will not be interfered with in continuance of its assertion by a court of a foreign jurisdiction unless it is desirable that one give way to the other. The public policy of this state, as reflected by the decisions of our Supreme Court, impels the view that in custody proceedings a decree of a foreign jurisdiction involving that issue shall give way to a decree based upon the best interest of the minors involved." 135 So.2d at 895.
A situation parallel to the present case was before the Florida Supreme Court in Digirogio v. Digirogio, 1943, 153 Fla. 24, 13 So.2d 596. The circuit judge, in a habeas corpus proceeding, had ordered the minor child taken back to California, which was the state of residence of both the mother and father. The Court refused to allow the parties to litigate the issue of fitness to have custody of the child. In reversing the circuit court the Supreme Court said:
"The judgment entered here was evidently entered on the theory that the court had the jurisdiction of the res which was the child but the court in the exercise of its discretion declined to fully exercise such jurisdiction because in the opinion of the court the ends of justice would be better served by leaving it to the California courts to pass on. The question then arises what happens in case the child is not returned to California by the mother? Suppose the mother remains in Florida or returns to Nevada. The California court has no jurisdiction now of the child or the father in any case. * * *" 153 Fla. 27 and 13 So.2d at 598.
In the case here, the record reveals that the trial judge ordered the child returned to New Jersey to "abide the determination which shall be made by a court of appropriate jurisdiction concerning the custody of said child as between the parties hereto." In light of the Digirogio case, it seems that ordering the parties to take the child out of this jurisdiction is improper.
Tom v. State ex rel. Tom, Fla.App. 2, 1963, 153 So.2d 334, was a custody case before this court, involving a similar fact situation. The husband and wife were residents of North Carolina, who had separated. The custody of their minor children was awarded to the mother, under court order not to remove them from the jurisdiction. Without obtaining permission, the mother took the children to Florida, where the husband brought habeas corpus. Subsequently, the North Carolina court entered an order directing the wife to bring the children before that court. The circuit court in Florida attempted to enforce that order by directing the wife to return the children to North Carolina, and to appear before the judge of the North Carolina court. The Florida court did not dispose of the question of custody. On appeal, the circuit court order was reversed by this court, which held that the North Carolina decree was not a final order entitled to full faith and credit, and that the children's welfare was of primary concern. Therefore, this court held that the issue of custody can best be determined by the court having jurisdiction over the child, that place being where the child is located. In support of this holding, we said:
"The order appealed from in the instant case did not award custody of the children involved to either the appellant or the appellee but merely provided, or rather directed, the appellee to deliver the children to the judge of the court in North Carolina. The order appealed from is reversed and the cause remanded to the trial court with directions to take testimony as to the fitness of the parents to have custody of the children in the light of the best interests or welfare of the children." 153 So.2d at 337.
The Tom case, supra, expressly follows the Digirogio case, supra. It is also in accord with State ex rel. Fox v. Webster, Fla.App. 3, 1963, 151 So.2d 14.
*133 The record in this case affirmatively shows that the trial judge considered himself bound by the prior New Jersey decree to the extent that he refused to determine the issue of who should have custody of the child. We hold that this reluctance was error and that the judge should have determined which of the parties should be awarded custody.
On remand, the trial judge may properly consider the New Jersey decree as a factor in deciding the custody issue. However, he is not bound by the full faith and credit clause to automatically enforce the New Jersey decree. Under the comity principle the trial judge may, in his discretion, enforce the New Jersey decree, but only after he has determined whether it is in the best interests of the child to do so. We note several guidelines for determining whether a foreign decree is entitled to recognition under the comity principle in a custody case. They are: 1) the length of time which has elapsed since the decree; 2) whether the custody issue was actively litigated by the same parties now before the court; and 3) whether there has been a change in any material circumstances affecting the fitness of the parties relevant to the custody of the child.
After considering all of the above the trial judge may, in the exercise of his discretion, decide that there is no reason to depart from the status established by the order of the sister state. Accordingly, he may then order custody to continue in the party vested with the child's care by the foreign decree. In the event the judge decides not to enforce the foreign decree, or believes that additional evidence is warranted, he may receive such further testimony as is necessary to determine the issue of custody. A trial judge may not abdicate this function, however, by merely ordering the minor to be removed from this jurisdiction to another state for a determination of who should have custody.
In the present case we have both the appellants and the appellee claiming the right to custody of the child and no testimony as to which side will serve the child's best interest and welfare. Since the order of the lower court in this case did not award custody to either of the parties, we reverse the order appealed and remand the cause to the lower court for a determination of who should have custody of the child.
Reversed and remanded.
SMITH, J., and DYKES, ROGER F., Associate Judge, concur.