179 So.2d 103 (1965)
Louise Stetson FOX, Appellant,
v.
Ralph G. FOX, Jr., Appellee.
No. 64-998.
District Court of Appeal of Florida. Third District.
October 19, 1965.
Carr & Warren, Schonfeld & Feldman, Miami, for appellant.
George L. Hollahan, Jr., Harold G. Featherstone, Coral Gables, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
*104 CARROLL, Judge.
This is an appeal from a judgment in habeas corpus involving child custody.
The appellant Louise Stetson Fox had sought and obtained a decree of divorce against the appellee Ralph G. Fox, Jr. in the superior court of Marion County in the State of Indiana. In the divorce decree entered by the Indiana court on March 5, 1963, the court found "that neither the plaintiff nor the defendant is presently a suitable or adequate parent or person to have permanent custody of the children but that for a minimum of one year the plaintiff should be permitted to live in the same home with the children and should be their temporary and conditional custodian and should be responsible to the Court for their care, support, maintenance and education."
Further in the decree, with reference to custody, it was provided in paragraph 4(b) as follows:
"The Court expressly makes no provision for the permanent custody of any of the children of the parties at this time and expressly reserves such decision until such future time, not less than one year from the date hereof, as the matter of permanent custody may properly be brought before the Court, at which time this Court may hear and take into account all matters which might bear upon the relative fitness of the parties or some third person for the custody of such children including matters occurring prior to and contemporary herewith."
In addition, the Indiana decree provided that the plaintiff wife and the children should reside in the residence of the parties in Marion County, Indiana; that the children should remain in the jurisdiction; that a housekeeper should be employed; and for visitation by the father.
On May 19, 1964, after further hearing, the decree was modified by awarding temporary custody of the four minor children to the defendant father.
In October 1964, on an occasion when she had the children for visitation, the mother took them to Dade County, Florida, without the father's knowledge. After moving to Florida with the children the wife caused a petition to be filed in the cause in Indiana seeking to modify the decree of March 19, 1964, to award custody to her. No order appears to have been entered thereon.
The present proceeding in habeas corpus was instituted by the father in the circuit court in Dade County. A writ was issued and the cause was heard by the trial judge. Evidence was presented by and on behalf of the parties bearing on their fitness and circumstances for care and custody of the children. The proceedings on trial were not transcribed, but with the approval of the court counsel for the parties entered into a stipulation for the record, as to the proceedings held.
The judgment in habeas corpus which is the subject of this appeal granted the writ and directed the respondent mother to deliver custody of the children to the father, and instructed him to return the children to Indiana and there to comply with such orders as the court in Indiana should make relating to their custody.
The appellant contends it was error for the trial court to direct return of the children to Indiana with the matter of custody undetermined. Appellant's contention has merit. See Di Giorgio v. Di Giorgio, 153 Fla. 24, 13 So.2d 596; Tom v. State ex rel. Tom, Fla.App. 1963, 153 So.2d 334; Morris v. Kridel, Fla.App. 1965, 179 So.2d 130. By those cases it is held that when a court of this state has jurisdiction of the parties and of the children in such a contest relating to their custody, notwithstanding a final order conferring custody of the one or the other may have been made in a foreign state (and here only a temporary order for custody had been made by the Indiana court) it is the duty of the court to decide the issue as to custody on its merits.
*105 In this instance the mother moved to Florida with the children at a time when the father held an order of the Indiana Court for their temporary custody. Her action in bringing the children here was in violation of the order of the Indiana court, for which contempt proceedings were commenced against her, but were not pressed. The Florida decisions show that even if the father in seeking custody here had been armed with an order of the Indiana court purporting to grant him permanent custody, under neither the doctrine of full faith and credit nor of comity would it have been proper for the Florida court to defer to the foreign jurisdiction and direct the return of the child there to abide its order. If that is true in the case of a permanent award of custody by a foreign court, a fortiori it applies where the foreign court which formerly had jurisdiction to determine the issue of custody has not done so, or as here, has made only a temporary award.
This case is controlled by the above cited cases holding in similar circumstances that it is the duty of the Florida trial court having jurisdiction of the children to determine the issue of custody on the merits in the light of their best interests. Thus, in the Tom case (153 So.2d at 336, 337) the second district court of appeal said:
"Several questions are urged and discussed by counsel but this case involves principally the question of whether or not the trial court had jurisdiction to award the custody of the children and should have taken testimony on the merits to determine the fitness of the respective parents and the interest and welfare of the children and determine the question of custody. The lower court determined that the question of the welfare of the children should be disposed of by the court in North Carolina. The orders of the court of North Carolina were not final orders entitling them to full faith and credit. The welfare of the child or children is the question of primary consideration and this can best be determined by the court having jurisdiction and in whose jurisdiction the child resides. * * *
* * * * * *
"The facts in this case, in our opinion, are controlled by the case of Di Giorgio v. Di Giorgio, 153 Fla. 24, 13 So.2d 596, where the situation was identical and `on all fours' with the case now before the court. * * *
* * * * * *
"The order appealed from in the instant case did not award custody of the children involved to either the appellant or the appellee but merely provided, or rather directed, the appellee to deliver the children to the judge of the court in North Carolina. The order appealed from is reversed and the cause remanded to the trial court with directions to take testimony as to the fitness of the parents to have custody of the children in the light of the best interests or welfare of the children."
The Di Giorgio and Tom cases were followed in the recent case of Morris v. Kridel, supra. There, in a contest between the parties in New Jersey the court awarded custody of a child to the mother. Pending an appeal by the father the mother died, and the natural grandparents removed the child to Florida. Later the order awarding custody of the mother was reversed, and an order was entered by the trial court in New Jersey granting custody of the child to the father. Relying thereon, he sought custody in Florida by habeas corpus. On hearing, the Florida court, without deciding the merits of the custody issue between the parties, expressed the view that it should be determined by the New Jersey court, and directed return of the child to New Jersey. In reversing that ruling, the second district court of appeal of Florida said:
"* * * [T]he trial judge may, in the exercise of his discretion, decide *106 that there is no reason to depart from the status established by the order of the sister state. Accordingly, he may then order custody to continue in the party vested with the child's care by the foreign decree. In the event the judge decides not to enforce the foreign decree, or believes that additional evidence is warranted, he may receive such further testimony as is necessary to determine the issue of custody. A trial judge may not abdicate this function, however, by merely ordering the minor to be removed from this jurisdiction to another state for a determination of who should have custody."
Were it not for the above cited precedents, we would be inclined to support the action of the trial judge in refraining from settling the issue of custody and relegating the decision thereof to the Indiana court in the circumstances presented. However, the trial court's disposition of this matter appears to conflict with the holding of the Supreme Court of Florida in the Di Giorgio case and the later decisions of the second district court of appeal following it in the Tom and Morris cases. The instant case is not distinguishable in any material respect, and on the authority of those decisions must be held to be in error.
Accordingly the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith. In undertaking to determine the matter of the custody in the light of the best interests of the children, the trial court in its discretion may proceed on the evidence previously submitted or may permit additional evidence to be presented.
Reversed and remanded.
TILLMAN PEARSON, Judge (dissenting).
As recognized by the majority opinion, the chancellor took testimony as to the welfare of the children. It is my view that he exercised his jurisdiction and determined that they should be returned to the father. This decision having been reached, I see no error in the provision making the custody subject to the further order of the Indiana Court because upon the children's return to Indiana they would become subject to that court's jurisdiction.
In its opinion, the majority reluctantly determines that a reversal is required by the decision in DiGiorgio v. DiGiorgio, 153 Fla. 24, 13 So.2d 596 (1943); Tom v. State ex rel. Tom, Fla.App. 1963, 153 So.2d 334; and Morris v. Kridel, Fla.App. 1965, 179 So.2d 130 [Opinion filed September 21, 1965]. In the DiGiorgio case, 13 So.2d at page 598, the court stated:
"The judgment entered here was evidently entered on the theory that the court had the jurisdiction of the res which was the child but the court in the exercise of its discretion declined to fully exercise such jurisdiction because in the opinion of the court the ends of justice would be better served by leaving it to the California courts to pass on. * * * The trial court seemingly declined to exercise his lawful jurisdiction but in fact actually exercised it by ordering the infant taken from the father and delivered to the mother, with permission to take it to California. Assuming the court had the power, which we do not pass upon, there was an absence of direction to return to California." [Emphasis supplied].
In my view, the holding in the DiGiorgio case is not controlling because in the instant case the court ordered that custody be delivered to the petitioner for the return of the children to petitioner's home in Indiana.
In the Tom case, the trial judge did not determine the question of custody. He ordered the respondent therein to deliver the children to a judge in North Carolina. See Tom v. State ex rel. Tom, Fla.App. 1963, 153 So.2d 334 at page 336. The trial judge in the instant case ordered the respondent *107 to deliver custody of the children to the petitioner in Miami.
The Morris case is readily distinguishable in that no testimony was taken and the trial judge considered himself bound by a prior New Jersey decree. A review of the record, in the case before us, reveals that the trial judge did not consider himself bound by the proceedings in Indiana.
While I am in complete agreement with the general proposition of law as stated by the majority, I am not convinced that the cases above are controlling, nor am I convinced that, upon the facts in this case, the trial judge abused his discretion. I therefore dissent.