PIERCE, Judge.
This is an appeal from a Circuit Court order granting a motion to dismiss a peti *663 tion, filed by an original successful claimant before Florida Industrial Commission, to secure payment of interest on his attorney’s fees theretofore allowed, during the time the attorney was successfully defending appeals from the Deputy Commissioner’s compensation award to the Full Commission and thence to the Supreme Court.
Petitioner Albert J. Mander made claim before the Commission for workmen’s compensation benefits and in due course the Deputy Commissioner awarded temporary total disability payments to claimant and also the sum of $400.00 as a reasonable fee for his attorney. Thereafter, the employer and carrier applied for review of said order before the Full Commission, but the order was affirmed and the attorney for claimant awarded an additional fee of $300.00 for successfully defending the application for review. Thereafter the employer and carrier sought further review by certiorari to the Supreme Court but that Court eventually affirmed the order of the Full Commission. The attorney was paid the two fees of $400.00 and $300.00 immediately after the Supreme Court’s ruling, but was refused interest thereon from the date they were respectively entered to the date of payment.
Claimant thereupon filed his petition in the Pinellas County Circuit Court to enforce payment of such interest, under F.S. Sec. 440.24, F.S.A., a part of the workmen’s compensation act, which gives the Circuit Court jurisdiction to enforce orders entered by or under authority of the Commission. The Circuit Court granted a motion to dismiss filed by the employer and carrier, resulting in this appeal by the petitioner therein.
The sole issue here is whether or not attorney’s fees awarded to a successful claimant before the Deputy Commissioner, and later like fees before the Full Commission, draw interest during the time the awards to the claimant and attorney are being appealed and before the fees are paid. So for as we are able to determine, this is a case of first impression in the Courts of Florida.
At the outset, we may dispose of one procedural matter raised by appellees here. They contend that the attorneys would come under the clause “any beneficiary under such order”, as used in Section 440.24 aforesaid, giving right to “any beneficiary” to file a petition, and that therefore the Circuit Judge was warranted in dismissing the petition because it should have been filed by the “beneficiaries” rather than the claimant. We do not accept such suggestion. The orders entered by the administrative agency were clearly defined, and the persons in interest who were seeking the benefit of the Court’s ruling were readily understood. There is no merit to this contention. We proceed to the merits.
We are of opinion that interest on attorney’s fees, such as are here involved, are not allowable in Florida as the law now stands, and that the Circuit Court was eminently correct in its ruling complained of.
The Workmen’s Compensation Act is a creature of statute. Its provisions were unknown at common law. Consequently unless a right is contained in the law it does not exist. Thus, resort to the Circuit Court for enforcement of any compensation order was first permitted by amendment of Sec. 440.24 in 1953. And in 1941, Sec. 440.34 was amended so as to first authorize payment to the successful attorney for the claimant before the Commission, and also for additional fee for successful representation “for review * * * of any claim, award or compensation order before any court”.
It has long been the law in Florida that a litigant, whether in the Courts or in the administrative agencies, may only be allowed an attorney’s fee if it is (1) provided by statute, or (2) is fixed by contract, or (3) *664 is agreed to by the contesting parties. Dorner v. Red Top Cab & Baggage Co., 1948, 160 Fla. 882, 37 So.2d 160; Phoenix Indemnity Co. v. Union Finance Co., Fla.1951, 54 So.2d 188; Larson v. Warren, Fla.1961, 132 So.2d 177.
The right to recover attorney s fees in an action did not even exist at common law. Codomo v. Emanuel, Fla.1956, 91 So.2d 653; Great American Indemnity Company v. Williams, Fla.1956, 85 So.2d 619. We see no reason why interest on an award for attorney’s fees should not be in the same category as the award of fees itself, namely, dependent upon statutory authorization.
At oral argument before this Court our attention was directed to the fact that decrees allowing fees for attorneys in Court actions wherein such fees are authorized, such as divorce proceedings, draw interest from the date of such allowance, citing Coggan v. Coggan, Fla.App.1966, 183 So.2d 839, a case decided by this Court. Actually, however, the Coggan case is a perfect illustration of our view that interest, like the allowance of fees themselves, is a matter of permissible statute only. Coggan points out that F.S. Section 55.03, F.S.A., specifically provides that: “All judgments (and decrees) shall bear interest at the rate of six per cent per annum * * * But an award for attorneys fees in a workmen’s compensation claim by an administration agency is not a Court judgment or a Court decree; and there is no provision in the Compensation Law comparable to Section 55.03.
The order of the Circuit Court granting appellees’ motion to dismiss is affirmed. And in view of our determination on the merits, the motion of appellant for allowance of attorney’s fee for services in this Court is also denied.
LILES, C. J., and HOBSON, J., concur.