**PEENO v. PEENO.**
No. 3300.

Circuit Court, Lake County.

December 20, 1968.

118

Arthur L. Steed of Steed & Collins, Orlando, for plaintiff.

Ranston E. Davis of Davis, McLin, Burnsed & Austin, Leesburg, for respondent.

W. TROY HALL, Jr., Circuit Judge.

*Opinion and order:* This cause came on for hearing before the court on October 18, 1968. The court has heard the testimony presented by and in behalf of the plaintiff and the respondent.

After the taking of testimony, the court requested written arguments of counsel, and such written arguments were timely filed by the attorneys in behalf of their clients. The following is a summary of proceedings —

On December 5, 1967, Dorothy M. Peeno, hereafter referred to as the respondent, and William J. Peeno, hereafter referred to as the plaintiff, entered into a property settlement agreement

which was later incorporated into an interlocutory order entered by the judge of the Jefferson Circuit Court, Chancery Branch, Third Division, Louisville, Kentucky, on the 15th day of December, 1967. This property settlement agreement provided among other things that the respondent was to have the care, custody and control of the minor child of the parties, Gail Elaine Peeno.

Thereafter, on January 6, 1968, the respondent left the state of Kentucky and traveled to Leesburg, Florida, where she set up a residence with her daughter, Gail. There was no order prohibiting her from leaving the state nor from removing the child from the state of Kentucky. On or about January 13, 1968, according to the testimony of the plaintiff-father, he discovered that the respondent had, in fact, left the state and had taken the child with her.

Thereafter, on March 1, 1968, the Kentucky court entered a final decree of divorce in favor of the respondent, which incorporated the prior interlocutory order, in effect ratifying the property settlement agreement, determination of custody of the child, and child support payments to be made by the father.

On July 1, 1968, this same Kentucky court, apparently at the behest of the father, and at an ex parte hearing (although the father did in fact know that his former wife was in Leesburg) entered an order which recited that the respondent had departed from the jurisdiction with the child and provided that the child support payments provided for in the agreement, both those which were in arrears, those which were currently due, and those which were to become due thereafter, would cease until further order of that court. Approximately a month and a half prior to the entry of the final decree of divorce the petitioner had knowledge that the respondent had in fact left the state with the minor child, but did not see fit to intervene or make this known to the Kentucky court at that time.

On or about October 3, 1968, the plaintiff filed a petition for a writ of habeas corpus in this court, requesting that the respondent and the child be brought before the court. This writ was issued and the respondent and the child were brought before the court, at which time the court set a hearing for October 18, 1968, for the purpose of hearing the matter of custody of the child of the parties.

The respondent filed a counterclaim requesting this court to award her both temporary and permanent custody of the minor, Gail Elaine Peeno, and to grant her temporary and permanent child support together with suit money and attorneys' fees, as the circumstances of the parties would permit.

It is admitted that the plaintiff has not provided any support money for the child from the date set in the Kentucky order to the date of the hearing of this cause.

The following issues were framed by the pleadings and evidence —

> Does this court have jurisdiction to determine the custody of Gail Elaine Peeno, the child of the parties? If so, to whom should the child be awarded?

> If the child of the parties is awarded to the mother, how much child support should be awarded?

> If the child of the parties is awarded to the mother then what visitation rights should the father have?

> If the child is awarded to the mother then what security, if any, should the parents be required to give for compliance with any order of this court?

> Is either party entitled to attorneys' fees?

The court has considered the pleadings, evidence submitted, the welfare report requested by the court, and the written arguments (briefs) submitted by counsel; and based upon the above makes the following findings —

That this court has jurisdiction over the persons and subject matter of this cause. 1

---

1. The Florida cases seem to be harmonious in stating that this court does have jurisdiction to determine the custody of the minor child, notwithstanding any previous custody judgment which may have been entered by the foreign court.

In Fox v. Fox, 179 So.2d 103 (1st D.C.A., Fla. 1965), a father brought a habeas corpus proceeding to obtain the custody of minor children brought to Florida by the mother, in violation of a divorce decree of Indiana, which decree had awarded custody of the children to the father, and required that they remain within the jurisdiction of the court. The Florida trial court directed the return of the children to Indiana with the matter of custody undetermined in the Florida court. The appellate court reversed and held —

> "When a court of this state has jurisdiction of the parties and of the children in such a contest relating to their custody, notwithstanding a final order conferring custody of the one or the other may have been made in a foreign state (and here only a temporary order for custody had been made by the Indiana court) it is the duty of the court to decide the issue as to custody on its merits."

The court also went on to say that —

> "The Florida decisions show that even if a father in seeking custody here had been armed with an order of the Indiana court

That the final decree of divorce entered heretofore in Kentucky found the mother to be a fit and proper person to have the permanent custody of the child, and granted her full and complete custody and control of said child. 2

> purporting to grant him permanent custody, under neither the doctrine of full faith and credit nor of comity would it have been proper for the Florida court to defer to the foreign jurisdiction and direct the return of the child there to abide its order."

This is somewhat parallel to the case before the court except that in this case the foreign decree granted permanent custody to the mother rather than to the father and there was no order of the foreign court forbidding the mother to move to another state. In fact, both the mother and the father have moved to a different state.

The *Fox* case is also supported by Di Giorgio v. Di Giorgio, 13 So.2d 596 (Fla. 1943); Tom v. Tom, 153 So.2d 334 (2nd D.C.A. Fla. 1963), and Morris v. Kridel, 179 So.2d 130 (2nd D.C.A., Fla. 1965). In May v. Anderson, 345 U.S. 528, 73 S. Ct., 840 L. Ed. 1221 (1952), the United States Supreme Court indicated that a custody decree is not necessarily entitled to full faith and credit.

In Morris v. Kridel, supra, in which the court reversed an order by a Florida trial court to return the child to New Jersey for determination of custody, the court said —

> "On remand, the trial judge may properly consider the New Jersey decree as a factor in deciding the custody issue. However, he is not bound by the full faith and credit clause to automatically enforce the New Jersey decree. Under the comity principle the trial judge may, in his discretion, enforce the New Jersey decree, but only after he has determined whether it is in the best interests of the child to do so. We note several guidelines for determining whether a foreign decree is entitled to recognition under the comity principle in a custody case. They are: 1) the length of time which has elapsed since the decree; 2) whether the custody issue was actively litigated by the same parties now before the court; and 3) whether there has been a change in any material circumstances affecting the fitness of the parties relevant to the custody of the child.

> "After considering all of the above the trial judge may, in the exercise of his discretion, decide that there is no reason to depart from the status established by the order of the sister state. Accordingly, he may then order custody to continue in the party vested with the child's care by the foreign decree. In the event the judge decides not to enforce the foreign decree, or believes that additional evidence is warranted, he may receive such further testimony as is necessary to determine the issue of custody. A trial judge may not abdicate this function, however, by merely ordering the minor to be removed from this jurisdiction to another state for a determination of who should have custody."

2. This is shown in the exhibits pleaded and admitted into evidence.

That the custody of the child, heretofore granted to the mother of this seven-year-old female child, should not be changed by the court unless there is a substantial change in a material circumstance that affects the best interests of the child.

That there has been *no* showing that the mother is not still a fit and proper person to have the permanent custody and control of the child. 3

That there has been no showing of any substantial change in any material circumstances warranting a change of custody of the child for its well being.

That the child has expressed a preference to remain with her mother.

That the plaintiff has a duty to support the child, notwithstanding any order of court obtained from any jurisdiction outside the state of Florida. 4

That by the plaintiff bringing this suit in this court, he has submitted himself to its jurisdiction in regard to all facets of this important procedure.

That the plaintiff and respondent previously agreed and the Kentucky court approved the sum of $100 per month as reasonable support for the child (and the evidence in this case shows that the plaintiff can afford that amount) and this court finds that $100 per month is a proper and reasonable amount to be paid to the respondent, as child support.

---

3. The only objection to the mother's conduct, was that she left Kentucky without leaving a forwarding address and thereby deprived the father of his visitation privileges.

4. It can hardly be questioned that a father of a minor child has a legal duty, so far as his means reasonably permit, to support her until she reaches majority, notwithstanding that there is a custody decree giving the mother the custody of the child. Bezanalla v. Bezanalla, 65 So.2d 754 (Fla. 1953); Isaacs v. Deutsch, 80 So.2d 657 (Fla. 1955). This is true even if the mother herself had the ability to support the children. Fekany v. Fekany, 118 Fla. 698, 160 So. 192 (Fla. 1935); Dworkis v. Dworkis, 111 So.2d 70, 72 A.L.R. 2d 1189 (3d D.C.A. Fla. 1959).

In the property settlement agreement entered into between the parties on December 5, 1967, and admitted in evidence in this case, it is stated —

"3. The defendant, William J. Peeno, is to pay over to the plaintiff, Dorothy M. Peeno, the sum of $100 per month for the support of said child, Gail Elaine Peeno, commencing January 2, 1968."

That the plaintiff is not a resident of the state of Florida nor the state of Kentucky (the two states in which this matter has been litigated) but is a resident of the state of Ohio.

That a bond in the amount of $1,000 would be reasonable, to guarantee the costs and expenses, if any, the respondent may have if she has to seek the enforcement of this order outside the state of Florida; and likewise, the same sum would be reasonable to guarantee the costs and expenses, if any, the plaintiff may have if he has to seek its enforcement outside the state of Florida.

That the plaintiff shall be entitled to reasonable visitation rights (hereinafter defined) upon compliance with the order of this court including the posting of bond and payment of child support, ordered herein.

That it is for the best interests of the child that she remain in the permanent custody and control of her mother (the respondent).

That it is for the best interest of the child and the parties hereto, that neither party be allowed to take the child outside the state of Florida except as hereafter specifically allowed, unless the above bonds are posted, and

That neither party is entitled to recover any attorneys' fees from the other. 5

It is therefore ordered and adjudged —

That plaintiff's petition for writ of habeas corpus is quashed.

That Dorothy M. Peeno, the respondent-counterclaimant, is awarded the permanent custody and control of Gail Elaine Peeno, the minor child of the parties.

---

5. Vasquey v. Goodrich, 206 So.2d 54 (Fla. App. 1968); Mander v. Concreform Co., 206 So.2d 662 (Fla. App. 1968).

Florida Statutes §61.15(1)(1967) provides —

"When an action is brought for the purpose of enforcing a judgment or order for the payment of alimony or support for children, the court may allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case are equitable."

A habeas corpus proceeding has been held not to be a legal proceeding brought for the purpose of enforcing a decree or order of court providing for support for children as contemplated by the statutes. State v. Paine, 166 So.2d 708 (3d D.C.A. Fla. 1964).

That the plaintiff shall pay the sum of $100 per month to the respondent as child support, said sum to be paid by the 10th day of each month (the first $100 payment to be made by the plaintiff on or before January 10, 1969).

That the respondent shall keep the plaintiff informed of her permanent residence at all times.

That the plaintiff and respondent shall each post a bond with the clerk of the circuit court, to be approved by this court, for the sum of $1,000 to guarantee the costs and expenses of the other party if it becomes necessary for either of them to enforce the terms of this order outside the state of Florida; 6

That the plaintiff is granted visitation rights with his daughter, Gail, and her with him, as follows —

(a) The plaintiff shall have the right to have the child in his home for a period of two weeks each summer (during school vacation) the two weeks period to be chosen by the plaintiff and communicated to the respondent at least 60 days in advance, provided that said two weeks period does not conflict with the vacation time of the respondent.

(b) The plaintiff shall have the right to have the child in his home for one week during Christmas vacation (from school), the dates to be chosen by the plaintiff and communicated to the respondent at least 30 days in advance, on odd years, beginning in the year 1969.

---

6. The court has the inherent power to require security for obedience to its judgments of a domestic nature. In *Florida Family Law*, §31.46, put out by the Florida Bar Continuing Legal Education, 1967, it is provided as follows —

"The court has inherent power to require security for obedience to judgments of a domestic nature, either before or after the judgment is rendered. 10 Fla. Jur., *Divorce, Separation and Annulment* §§235 and 236. Contingencies may include the failure of one party to deliver or return the children, repay a debt to a party or repay a debt to a third party for which both parties are obligated, such as a loan or mortgage. The bond may be in the form of one for ne exeat (§§62.18 and .19 Fla. Stat. 1965); to secure future alimony and support payments (§§65.08 and .11); to secure educational expenses or to ensure the performance of any mandatory act. 10 Fla. Jr., *Divorce, Separation and Annulment* §235."

It is further provided in Florida Statutes §61.13 (1967) that the court has the power to provide what security is to be given for the performance of the parties in accordance with the orders of the court.

(c)  The plaintiff shall have the right to visit with the child at any reasonable time in the state of Florida by giving at least seven days notice, in advance, to the respondent, so long as said visits do not interfere with or coincide with the school hours of the child.

(d)  That all costs of transportation, feeding and housing the minor involved in the above visitation rights shall be borne by the plaintiff, and the support money shall not be reduced because of any such expenses or visits.

(e)  Except as allowed above, the plaintiff shall not remove the child from the boundaries of this state, without first obtaining an order of this court allowing the same.

It is further ordered and adjudged that this court shall retain jurisdiction over the parties and the subject matter hereto for any and all further orders pertaining to the welfare of the minor child and enforcement of the orders of this court as contained herein.