CARROLL, DONALD K., Acting Chief Judge.
The respondent-mother in a habeas corpus proceeding, involving the custody of her minor child, has appealed from an order entered by the Circuit Court for Okaloosa County denying her motion for leave to file a counterclaim or otherwise consider what custody would serve the best interests of the child.
Briefly stated, the background of this litigation is as follows:
On May 6, 1970, the mother filed a petition for separate maintenance from bed and board in the Family Court, Parish of East Baton Rouge, State of Louisiana. A few days prior to such filing the mother and father brought the minor child of the parties to Okaloosa County, State of Florida, where the child has remained since that time. Pursuant to the mother’s petition the Louisiana court granted to her the temporary custody and control of the child until further hearing. Following further hearings, the Louisiana court on June 11, 1970, awarded temporary legal custody of the child to the father.
What we held in the previous appeal )Powell v. Powell, 242 So.2d 138 (Fla.App. 1970) is “the law of the case” in this litigation. In our opinion in that appeal we held:
“We now turn to the question of whether the Louisiana judgment is entitled to unquestioned enforcement in Florida under the well-recognized full faith and credit clause of the Federal Constitution. Even had the final judgment of the Louisiana court been rendered before, rather than after, the trial court’s judgment on the petition for writ of habeas corpus, it is settled in Florida that judgments affecting the custody of minors are not entitled to recognition under the full faith and credit clause because they do not possess the requisite degree of finality. As stated by this Court in Rhoades v. Bohn, 114 So.2d 493, 499 (Fla.App. 1st, 1959), cert. den. 121 So.2d 777 (Fla.1960) and cases cited therein:
“ ‘ * * * It possesses none of the attributes of finality so essential to entitle it to recognition and enforcement under the full faith and credit doctrine. It is uniformly recognized that orders, judgments or decrees affecting custody of minors, are subject to modification at any time as the welfare of the ward may require. For this reason, it is settled in this jurisdiction that decrees affecting the custody of minors are not entitled to recognition under the full faith and credit clause of the United States * *.’ (Citations omitted.)
“Although the Louisiana judgment does not require enforcement in Florida under the full faith and credit clause, it is entitled to great weight and respect under the doctrine of comity absent a showing by clear and convincing evidence that such new conditions have arisen since rendition of the decree as would justify a change in custody. In re Vermeulen’s Petition, 114 So.2d 192 (Fla.App. 1st, 1959). Application of the doctrine of comity is a matter of discretion with the trial judge and depends for its consideration upon the foreign court having had jurisdiction and having properly litigated the matter before it. Mirras v. Mirras, 202 So.2d 887 (Fla.App. 2nd, 1967).” (Emphasis supplied.)
In the letter and spirit of our above holding in the previous appeal, the *26 mother in the case at bar was entitled to an opportunity to present clear and convincing evidence that such new conditions have existed since rendition of the Louisiana judgment as would justify a change in custody. The court in the case at bar, therefore, erred in denying the mother’s motion for leave to file a counterclaim, which motion recites that she “would like to show a substantial change in circumstances since the Louisiana decree was entered and further to show what the predicate for the entry of the decree was; that the respondent would like to show that the best interest of the child will be served by placing custody of the child with the respondent.”
This holding is, of course, consonant with the well-established principle that the paramount consideration in child custody cases is the best interests, or the welfare, of the child, the courts using various terms for this consideration, such as “the guiding star,” the “polestar,” or “the lodestar.” For instance, the Second District Court of Appeal said in Garner v. Garner, 193 So.2d 673 (Fla.App.1967):
“In all proceedings relative to the custody of minor children, the guiding star of the determination is the welfare of the children — Jones v. Jones, 1945, 156 Fla. 524, 23 So.2d 623; Phillips v. Phillips, 1943, 153 Fla. 133, 13 So.2d 922; Wooten v. Wooten, Fla.App.1960, 160 So.2d 746.”
In Anderson v. Anderson, 234 So.2d 722 (Fla.App.1970) the situation in many respects was analogous to that here. In that case a court of a foreign jurisdiction had entered an order for temporary custody of a child. The Third District Court of Appeal held that a Florida court in which custody is sought in habeas corpus is under obligation to decide the question of custody on the merits, as between the contending parties, having or placing the custody where the best interests of the child or children are. To the same effect see Crane v. Hayes, 253 So.2d 435 (Fla.1971).
For the foregoing reasons the order appealed from herein is reversed and the cause remanded with instructions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with instructions.
RAWLS and JOHNSON, JJ., concur.