PER CURIAM.
Respondent-appellant appeals a final order returning the three minor children to *45 New York State to the custody of petitioner-appellee.
The parties were married on April 25, 1964 in Brooklyn, New York and three children were born of this union. Marital difficulties developed and petitioner-appel-lee, ex-wife, instituted divorce proceedings in New York, in the Supreme Court in and for the County of Kings. During the pen-dency thereof, respondent took the three minor children without the knowledge of the petitioner and moved to Dade County, Florida. Thereafter, the New York court granted appellee final judgment of divorce and awarded her custody of the three children. Petitioner then filed a petition for writ of habeas corpus in the circuit court of Dade County which issued the writ and ordered respondent to appear. A hearing was held thereon at the conclusion of which the court found that there was no evidence to show that either parent was unfit and no cause shown to disturb the custody determination of the New York Supreme Court. Thereupon, the chancellor entered his order returning custody of the three minor children to the appellee, ex-wife, and respondent appeals therefrom.
On appeal, respondent-appellant basically contends that the trial court erred by failing to determine from the evidence presented which parent was to have custody of the children in light of their best interest and welfare.
The controlling consideration in awarding custody is the best interest of the child. 10A Fla.Jur. Dissolution of Marriage § 88 (1973) and cases cited therein. Further, in a habeas corpus proceeding brought by one parent against the other parent in which the petitioner seeks custody under a custody decree of a foreign jurisdiction as in the case sub judice, the court, although not bound by the full faith and credit clause to automatically enforce the foreign decree, properly may consider and under the comity principle in its discretion may enforce the decree after the court has determined whether it is in the best interest of the child to do so. Crane v. Hayes, Fla.1971, 253 So.2d 435; State ex rel. Fox v. Webster, Fla.App.1963, 151 So.2d 14; Tom v. State ex rel. Tom, Fla.App.1963, 153 So.2d 334; Fox v. Fox, Fla.App.1965, 179 So.2d 103; Morris v. Kridel, Fla.App.1965, 179 So.2d 130; Powell v. Powell, Fla.App.1973, 274 So.2d 24.
An examination of the record reveals that there was testimony before the court to the effect that the petitioner, ex-wife, owned a house which her mother had bought for her; that her mother would live with her and the children; and that her mother and brother would help financially. On the other hand, at the time of the hearing respondent admitted that he was living with a woman to whom he was not married and her five children and now is making less money than he did in New York. The court in the instant case made the necessary inquiries as to the character and moral conduct of the persons seeking custody and the type of home in which it was proposed to place the children,[1] found that the mother was not unfit,[2] and thereupon decided to enforce the foreign custody decree.
In light of the foregoing facts and controlling principles of law, we conclude that the court did not abuse its discretion in enforcing the New York decree and thereupon ordering the return of the three minor children to New York to the custody of their mother, petitioner-appellee.
Accordingly, the order herein appealed is affirmed.
Affirmed.

. See 10A Fla.Jur: Dissolution of Marriage § 88 (1973).

. Cf. LeMoine v. Ailes, Fla.App.1972, 261 So.2d 573.