309 So.2d 29 (1975)
Frank SILVESTRI, Appellant,
v.
Claudette Aggie SILVESTRI, Appellee.
No. 74-716.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Rehearing Denied March 19, 1975.
Harold Peter Barkas, Miami, for appellant.
John W. Watson, III, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
*30 PER CURIAM.
This is an appeal by the former husband from an order of the trial court awarding permanent care, custody and control of the minor child of the parties to the mother, the appellee.
The appellant, Dr. Frank Silvestri, is a 52-year-old medical doctor in Rome, Italy. He is employed by insurance companies to examine actors and directors on location where a company has issued a policy covering accidents or illness during the filming of a new movie.
The testimony reveals that Dr. Silvestri's employment requires that he travel away from Rome quite often.
Dr. Silvestri and his former wife, the appellee, Claudette Aggie Silvestri (now Mrs. Murray Candib) were both born in the United States. Dr. Silvestri testified that he is both a United States and Italian citizen.
The appellant and Claudette, who is now 31-years old, were married in Rome on November 25, 1966. According to Dr. Silvestri, almost from the outset Claudette became something of an itinerant wife, journeying here and there in quest of what appellant characterized politely as "extramarital excitement."
The appellant further has enlightened us that it was during a "remissive period" of the marriage when little Francesca, the subject of so much subsequent bitterness and this proceeding, was born on August 6, 1969.
We see no reason to elaborate in detail many of the meretricious ventures undertaken by Claudette, as related by Dr. Silvestri. Perhaps they might be preserved for a new script for the daytime soap operas.
Rather, we deem it more relevant to concentrate our attention on the immediate history of this case.
On August 8, 1972, Claudette filed in Dade County Circuit Court her petition for dissolution of marriage. Following service by publication on Dr. Silvestri and an ex parte hearing, a final judgment of dissolution of marriage was entered on September 3, 1972.
In the judgment, the trial court found that it had jurisdiction of the parties and the subject matter, and further stated, "(T)hat this Court retains jurisdiction to enter any appropriate orders necessary to enforce the final judgment of dissolution of marriage and any and all further orders applicable in this cause."
Thereafter, in early 1973, Dr. Silvestri instituted proceedings in Rome for dissolution of marriage. In so doing, he sought custody of Francesca who was living with him pursuant to a "consensual separation agreement" entered into between himself and Claudette on March 8, 1972.
Sometime in July, 1973, Claudette accompanied by a neighbor, Mrs. Beverly Liebeskind, flew to Rome to pick up Francesca. She had received from the Roman court a 30-day visitation privilege which permitted her to bring her daughter with her to the United States, on the condition that she return Francesca at the end of the visitation period.
When she returned to Miami, Claudette filed in circuit court a motion for an order awarding her permanent custody of Francesca.
In her motion, Claudette set forth that she was remarried, and her new husband was Murray Candib (the man who Dr. Silvestri alleged had been involved in an adulterous relationship with his former wife).
Furthermore, Claudette stated that she and Mr. Candib had a minor child of their own, Rachel, and that she was pregnant with another child of Mr. Candib (subsequently born, a son named David).
*31 Also, Claudette stated that she and her family were living in a beautiful home in the Palm Bay Towers condominium building. She concluded that she and her new husband were fit to properly provide a beneficial home and family life to Francesca.
She also concluded that Dr. Silvestri, who manifested a violent and ungovernable temper and who was leading the life of a single man who relied on a governess in Rome who speaks no English to care for Francesca, was not a fit and proper person to have custody of Francesca.
On March 11, 1974, after some skirmishing in December, 1973, in which Dr. Silvestri came to Dade County and sought certain affirmative visitation privileges from the court here, the cause came on for a hearing on the question of permanent custody.
We interject here that on December 7, 1973, the Roman court entered a final judgment of dissolution of marriage determining that Dr. Silvestri was entitled to permanent custody of Francesca and ordering Claudette to return her daughter to Rome.
As his first point on appeal, Dr. Silvestri has challenged the jurisdiction of the Dade County Circuit Court to award permanent custody. We find little merit in this point.
Appellant contends that Claudette fraudulently invoked the jurisdiction of the Florida court in the first place when she sought a dissolution of marriage in circuit court because she did not meet the six months residency requirement under Fla. Stat. 61.021, F.S.A.
In addition, Dr. Silvestri suggests that Claudette admitted in her petition for dissolution of marriage filed in 1972 that Francesca, then living in Rome, was not subject to the jurisdiction of the Dade County Circuit Court.
From our examination of the record, however, it is clear that Claudette did meet the six-month residency requirement prior to filing her petition for dissolution of marriage.
Moreover, at the time of the custody hearing in 1974, all the parties were before the Dade County Circuit Court, and Dr. Silvestri had sought affirmative relief from the court in the form of visitation privileges.
We think the circuit court had an obligation to conduct a hearing and to determine from the evidence if custody should be awarded to Dr. Silvestri or to Claudette, keeping in mind that the paramount concern of the court should be the best interest of the child's welfare. See, Spencer v. Spencer, Fla.App. 1974, 305 So.2d 256, (opinion filed December 31, 1974); Mitchell v. Mitchell Fla.App. 1974, 294 So.2d 44; Powell v. Powell, Fla.App. 1973, 274 So.2d 24; Fox v. Fox, Fla.App. 1965, 179 So.2d 103; Morris v. Kridel, Fla.App. 1965, 179 So.2d 130; State ex rel. Fox v. Webster, Fla.App. 1963, 151 So.2d 14.
In determining on appeal if the court properly awarded custody to Claudette, our criterion is whether or not the court committed an abuse of discretion. Anderson v. Anderson, Fla. 1975, 309 So.2d 1, (opinion filed January 8, 1975); Goodman v. Goodman, Fla.App. 1974, 291 So.2d 106.
We note that the Florida Supreme Court in the recent Anderson case cited above has not abandoned the traditional test that where all else is equal, children of tender years should be awarded to the mother.
While it is rather obvious that Dr. Silvestri does not consider everything to be equal in this case, due in large measure to his former wife's previous infidelity to him, that of course is not a binding factor on the court in awarding custody.
*32 It is our conclusion that the appellant has failed to demonstrate that the court below abused its discretion in awarding permanent custody to Claudette. Therefore, the order appealed hereby is affirmed.
Affirmed.