OTT, Chief Judge.
This is an appeal from a judgment for custody on writ of habeas corpus which ordered surrender of Sherrie Ann Grooms, a minor child of 12 years, by the appellant to appellee. The issue of the best interests and ultimate welfare of the child was never fairly presented or tried. We therefore hold that a new trial on custody is required.
The appellant is the surviving spouse of the natural father of the child. The natural father had custody at the time of his marriage to appellant. This custody continued until his demise in May of 1981. Appellant reared the child from the time she was 14 months old and functioned as her mother continuously up through the day of the *468 hearing on the writ of habeas corpus. Appellant is the only “mother” this 12-year-old child has ever known.
Appellee, the natural mother of the child, divorced Steven Douglas Grooms in March of 1971. She entered into a property settlement and custody agreement which, among other things, gave unconditional custody of the child to the natural father.
Shortly following the natural father’s divorce from the natural mother, he married appellant. The natural father was a worker in heavy construction. From the time of this remarriage, the “family” was constantly on the move and resided in such places as Arizona, Florida, Oklahoma, and South America.
Approximately two years after the natural father’s marriage to appellant, appellee applied to the Oklahoma court for custody of the child. Following an abbreviated hearing in which the natural father made no appearance either in person or by attorney, the court in Oklahoma awarded custody to appellee, the natural mother.
At the hearing below, the Florida trial court attached considerable significance to this ex parte “Oklahoma order” and appears to have felt compelled to accord it full faith and credit. The trial court also seems unduly influenced by the normal presumption afforded a natural parent over a “stranger.”
It is axiomatic under Florida law that the welfare of the child is the question of primary consideration in proceedings regarding custody, and that this is true whether the custody proceeding is by habe-as corpus or some other method. This must be the subject of extensive, careful, and thorough inquiry by the trial court. Furthermore, the best interest and ultimate welfare of the child are paramount over the “rights” of the other parties to the proceeding. Tom v. State ex rel. Tom, 153 So.2d 334 (Fla. 2d DCA 1963).
When the transcript of the proceeding below is examined it becomes apparent that the appellee offered little, if any, evidence other than the copy of the Oklahoma decree and her long-standing, frustrated desire for and right to custody of the child. The Oklahoma decree was obtained approximately seven years ago. No evidence was offered as to the nature and extent of the Oklahoma proceedings. Nothing suggests that the Oklahoma judge was presented with or fully considered the best interests of the child. At most, it appears that ap-pellee was awarded the child by default. Thus, the Oklahoma order improperly overshadowed the trial below and led to a far more abbreviated hearing before the Florida trial court than the “best interests” of the child demand. This question was not vigorously pursued. The ONLY direct and significant evidence bearing on this question was presented by appellant and thoroughly negated the award to appellee.
Accordingly, we feel the most prudent course is to wipe the slate clean and begin anew. Thus we order a new hearing.
During the interim, we feel the status quo should be maintained and that the child should be kept in the jurisdiction of the lower court. The natural mother should be granted reasonable visitation rights pending a full hearing on the real question to be tried.
We REMAND to the lower court for actions consistent with this opinion.
SCHEB and SCHOONOVER, JJ., concur.